**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| ALPHARD HOLLAND,<br><br>                              Plaintiff<br><br>    v.<br><br>MENARD, INC.,<br><br>                             Defendant. | No. 23-cv-2837<br><br>Hon. Mary M. Rowland<br>Magistrate Maria Valdez |

## **PLAINTIFF'S MOTION FOR PROTECTIVE ORDER REGARDING DEFENDANT'S COMPELLING PLAINTIFF'S IN-PERSON DEPOSITION**

NOW COMES the Plaintiff, Alphard Holland, by his attorneys HORWITZ, HORWITZ, AND ASSOCIATES LTD., and moves that this Honorable Court enter an order consistent with this Plaintiff's Motion for a Protective Order pursuant to Federal Rule 26 (c) regarding Defendant's Motion to Compel Plaintiff's In-Person Deposition. In support of this motion, Plaintiff states the following:

1. The present action arises from a trip incident inside a Menards Store on 4/4/21.

2. There is video of the incident.

3. On 10/12/23, Defendant's counsel sent an email to plaintiff's counsel to schedule plaintiff's deposition. The email states:

    *Good Morning Counsel:*

    *Hope you are well. Can you please provide some available days for the plaintiff's deposition. As always, please feel free to contact me if you have any questions. Thank you for your time and attention hereto. Enjoy the rest of your day.*

4. When the deposition was being set, there was nothing that stated it was for an IN PERSON deposition.

5. After scheduling Plaintiff's deposition, Defendant's counsel sent a notice for the deposition and it stated IN PERSON.

6. Federal Rule 26 (c) states:

**(c)      Protective Orders.**

Upon motion by a party or by the person from whom discovery is sought, accompanied by a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action, and for good cause shown, the court in which the action is pending or alternatively, on matters relating to a deposition, the court in the district where the deposition is to be taken may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:

(1) that the disclosure or discovery not be had;

(2) that the disclosure or discovery may be had only on specified terms and conditions, including a designation of the time or place;

7. Plaintiff's counsel called his client who informed him he does not want to appear live as he lives in Dolton, IL and the deposition is set for Defense counsel's office in Naperville. That is approximately 45 miles from plaintiff's home and over 1 hour drive. He also has Covid concerns.

8. Plaintiff is currently not working and has no income coming in and the cost in driving and the distance causes hardship.

9. Additionally, the driving time to and from the deposition is over 2 plus hours driving which is extremely annoying and an undue burden when the deposition can be done via zoom.

10. Plaintiff's counsel works out of his home in Highland Park which is over 50 miles each way from Naperville and over 1 hour and 10 minutes away.

11. Defendant's counsel Joe Davidson called Plaintiff's counsel on 10/19/23 and asked what is the reason to not do the plaintiff's deposition live. Plaintiff's counsel responded, "It is the usual reasons." Then plaintiff's counsel asked why do require my client appear live. Defense counsel responded because "that is how I always do it." To which plaintiff's counsel responded, "over the last 3 years I have not done a single deposition live." (Plaintiff's counsel has done approximately 2-5 depositions a week over the last 3 years and all depositions have been via computer and there have been Covid restrictions so it is

unclear how Defense counsel has done all depositions live). Defendant's counsel then asked is there any other reason you don't want to do this live. Plaintiff's counsel replied, "Naperville is extremely far and inconvenient for my client and there is no reason plaintiff should incur the expense and it is a burden. Additionally, because of Covid concerns." This discussion satisfies Federal Rules of the parties trying to resolve disputes.

12. Plaintiff's counsel did not feel compelled to explain his family health issues regarding why he did not want to appear live for a deposition nor plaintiff's health reasons when there is no good cause or compelling reason established by the defense why the deposition has to be live.

13. Defendant's counsel's demand for plaintiff to appear live because "that is how he does it" is not good cause to compel.

14. The incident is on video, and it is unclear how plaintiff's appearance live adds to the case.

15. Since preparing this motion, Defendant filed a motion to compel the in-person deposition. Defendant states, "Plaintiff has not asked the Court for his deposition to proceed by remote means…" Plaintiff's counsel has probably done between 400-500 depositions in the last 3 years and has not appeared live for a single deposition so the IN PERSON request by defendant was a total surprise and Plaintiff's counsel believed the deposition would be remote like every other deposition.

16. Defendant's counsel's motion states that the remote depositions are more cumbersome and interfere with human-to-human interaction. This is not good cause, and it is unclear how a remote deposition is more cumbersome as whatever documents and images can be shared via computer. Also, it is unclear what interfere with human-to-human interaction means as talking via computer is human interaction.

17. Defendant cites to decisions from other district courts to support his request and one that apparently stated "[a] remote deposition offers no guarantees or safeguards against improper conduct by the witness such as crib notes or signaled answers." Plaintiff's counsel will be in Highland Park during the deposition and defense counsel is more than welcome to ask plaintiff if he has any crib notes. Plaintiff is under oath during the deposition. He can also ask plaintiff to turn his computer or phone to make sure he is alone in the room. Plaintiff was alone at the time of the incident so it is unclear who could help him anyway.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court grant this Motion for

a Protective Order in Response to Defendant's Motion to Compel Plaintiff's In-Person

Deposition, and for such other and further relief as this Court deems fair and just under the circumstances.

/s/ Michael Silverman

_____
 Michael Silverman
**Horwitz, Horwitz, and Associates, LTD.**
25 E. Washington, Suite 900
Chicago, IL  60602
Office: (312) 372-8822
Email: clmail@horwitzlaw.com