**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| ALPHARD HOLLAND, | |
| Plaintiff, | Case No. 1:23-cv-02837 |
| v. | Honorable Mary M. Rowland |
| MENARD, INC., | Honorable Maria Valdez |
| | Magistrate Judge |
| Defendant. | |

**SUPPORTING MEMORANDUM OF LAW**

Defendant, MENARD, INC. ("Defendant") by and through its attorneys, submits this supporting memorandum of law in support of its motion for summary judgment under Fed. R. Civ. P. 56(1).

**INTRODUCTION**

Plaintiff, ALPHARD HOLLAND ("Plaintiff") has failed to establish a cause of action against Defendant. First, the conspicuously black cord causing Plaintiff's stumble was open and obvious, and thus Defendant had no duty to guard against Plaintiff's injury. Second, Plaintiff has presented no evidence that Defendant's acts proximately caused his injury. The only evidence Plaintiff offers as to this point is based on speculation and "speculation does not count." *McCarty v. Menard, Inc.*, 327 F.R.D. 177, 187 (N.D. Ill. 2018). Third, there is no evidence that Defendant had actual or constructive notice of the cord. Finally, because Plaintiff cannot win his underlying suit, his spoilation claim fails. For all of these reasons, summary judgment must be granted in Defendant's favor.

**SUMMARY OF FACTS**

Defendant operates a home improvement store located at 14975 Lincoln Avenue, Dolton, Illinois 60419. (DSOF ¶ 9). Plaintiff and his wife were customers of the store on the morning of April 4, 2021. (*Id*. ¶ 10). After Plaintiff completed his shopping, he proceeded to the front of the

1

store to look for his wife.  (*Id*. ¶ 11).  His wife. was already checking out.  (*Id*. ¶ 12).  As Plaintiff made his way to his wife at the end of the checkout aisle, his left foot got caught in the electric cord of the ice cream freezer alongside the checkout aisle.  (*Id*. ¶ 13).



The store has white floor throughout.  (*Id*. ¶ 14).  The cord was black in color.  (*Id*. ¶ 15). Plaintiff did not see the cord before he stumbled on it.  (*Id*. ¶ 16).  Plaintiff does not know how long the cord was out.  (*Id*. ¶ 17).  Plaintiff does not know how the cord became exposed.  (*Id*. ¶ 18). Plaintiff does not know who caused the cord to come out from behind the freezer.  (*Id*. ¶ 19).  As Plaintiff made his way to his wife at the end of the checkout aisle, he was not browsing, shopping, talking or texting. (*Id*. ¶ 20--23).  Plaintiff's wife did not see the cord before Plaintiff stumbled on it nor did she know how long the cord was out.  (*Id*. ¶¶ 29, 30).

John "Tony" Hill was the general manager on April 4, 2021. (*Id*. ¶ 39).  Mr. Hill was the store's general manager from 2015 to 2023.  (*Id*. ¶ 40).  The ice cream freezer was in the same lane for the entire time Mr. Hill was the store's general manager.  (*Id*. ¶ 41).  No customer or employee ever tripped over that cord in eight years Mr. Hill was the store's general manager.  (*Id*.

¶ 42).  Mr. Hill did not see the cord come out in his eight years as the store's general manager.  (*Id*. ¶ 43).

Ana Figueroa was the first assistant front-end manager on April 4, 2021.  (*Id*. ¶ 31).  Mrs. Figueroa has worked for Menards® about 12 years.  (*Id*. ¶ 32).  The ice cream freezer has been in that same spot for the entire time she has been working for Menards®.  (*Id*. ¶ 33).  Mrs. Figueroa is unaware of anyone else tripping on that cord.  (*Id*. ¶ 34).  As front-end manager, one of her duties is to save security camera footage following incidents.  (*Id*. ¶ 36).  Ms. Figueroa saved video of Plaintiff's stumble.  (*Id*. ¶ 38).

Itzel Marquez Collazo was the cashier assigned to register six on April 4, 2021.  (*Id*. ¶ 44).  The ice cream freezer was in the same location for the duration of Ms. Collazo's employment with Menards.  (*Id*. ¶ 45).  In the 15 months Ms. Collazo worked as a cashier at the Dolton Menards, she neither saw nor heard of any customer or employee tripping over the ice cream freezer cord.  (*Id*. ¶ 46).  Ms. Collazo did not see the exposed cord prior to Plaintiff's stumble.  (*Id*. ¶ 47).  Nor was she informed about the cord in her lane by any customers.  (*Id*. ¶ 48)

## LEGAL STANDARD

Summary judgment is appropriate if the record shows that "there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  "An issue of fact is genuine when 'a reasonable jury could return a verdict for the nonmoving party' on the question."  *Woods v. DaimlerChrysler Corp*., 409 F.3d 984, 990 (8th Cir. 2005) *citing Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986).  A fact is material when it "might affect the outcome of the suit under the governing law."  *Anderson*, 477 U.S. at 248.  A reviewing court will neither resolve factual disputes nor weigh conflicting evidence; it will only determine if a genuine issue of material fact exists for trial.  Such an issue exists if "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party."  *Anderson*, 477 U.S. at 249.

The moving party has the responsibility of informing the Court as to portions of the record that demonstrate the absence of a genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  The movant may meet this burden by demonstrating "that there is an absence of evidence to support the nonmoving party's case."  *Celotex Corp*., 477 U.S. at 325. Once the movant has met its burden, to survive summary judgment, the "nonmovant must show through specific evidence that a triable issue of fact remains on issues on which he bears the burden of proof at trial."  *Warsco v. Preferred Tech. Group*, 258 F.3d 557, 563 (7th. Cir. 2001); *See also Celotex Corp*., 477 U.S. at 322-24.  "The nonmovant may not rest upon mere allegations in the pleadings or upon conclusory statements in affidavits; it must go beyond the pleadings and support its contentions with proper documentary evidence."  *Chemsource, Inc. v. Hub Group, Inc*. 106 F.3d 1358, 1361 (7th Cir. 1997).  The nonmoving party must offer proof "such that a reasonable jury could return a verdict for the nonmoving party."  *Anderson*, 477 U.S. at 248.  This does not mean that a nonmoving party can survive summary judgment with merely a scintilla of evidence supporting its position.  *Essex v. United Parcel Serv. Inc*., 111 F.3d 1304, 1308 (7th Cir. 1997).  "[A] party will be successful in opposing summary judgment only when they present definite, competent evidence to rebut the motion."  *Smith v. Severn*, 129 F.3d 419, 427 (7th Cir. 1997); *Szymanski v. Rite-Way Lawn Maint. Co*., 231 F.3d 360, 364 (7th Cir. 2000).

The Seventh Circuit has stated that summary judgment "is the put up or shut up moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of the events."  *Steen v. Myers*, 486 F.3d 1017, 1022 (7th Cir. 2007) *citing Hammel v. Eau Galle Cheese Factory*, 407 F.3d 852, 859 (7th. Cir. 2005).  "Evidence, not contentions, avoids summary judgment."  *Reasonover v. St. Louis County, Mo*., 447 F.3d 569, 578 (8th Cir. 2006) *citing Mayer v. Nextel W. Corp*., 318 F.3d 803, 809 (8th Cir. 2003).  The Supreme Court has noted that "the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact."  *Anderson*, 477 U.S. at 247-48.

4

## ARGUMENT

**I.** **Plaintiff has failed to establish a cause of action for negligence or premises liability against Defendant.**

Illinois law governs in this diversity case.  *See Piortrowski v. Menard, Inc.*, 842 F.3d 1035, 1038 (7th Cir. 2016).  Premises liability is a subset of common law negligence, *see Nelson v. Aurora Equipment Co.*, 391 Ill.App.3d 1036, 1039 (2d Dist. 2009), but the two can be brought as separate claims.  *See Greenhill v. REIT Mgmt. & Rsch*, 2019 IL App (1st) 181164, ¶ 65; *Smart v. City of Chicago*, 2013 IL App (1st) 120901, ¶ 54; *Reed v. Wal-Mart Stores, Inc.*, 298 Ill.App.3d 712, 717 (4th Dist. 1998).  In a negligence action, a plaintiff must prove that the defendant owed her a duty, breached that duty, and her injury was a proximate result of that breach.  S*ee Johnson v. Armstrong*, 2022 IL 127942, ¶ 51.  Premises liability requires proof of those three elements plus an additional three: (1) "a condition on the property that presented an unreasonable risk of harm," (2) "the defendant knew or reasonably should have known of the condition and the risk," and (3) "the defendant could reasonably have expected people on the property would not realize, would not discover, or would fail to protect themselves from the danger."  *Garcia v. Goetz*, 2018 IL App (1st) 172204, ¶ 31; *see also Parker v. Four Seasons Hotels, Ltd.*, 845 F.3d 807, 811 (7th Cir. 2017).

The ordinary negligence and premises liability inquiries overlap here.  Whether Defendant breached a duty and proximately caused Plaintiff's injury and whether it knew or should have known of a dangerous condition that proximately caused Plaintiff's injury both turn on foreseeability.

### A. Defendant had no duty to protect Plaintiff from the open and obvious nature of the cord.

We start with whether Plaintiff has established Defendant owed him a duty in this case. He hasn't.  The Seventh Circuit in *Dunn* set forth the analysis the law requires in simple trip-and-fall cases:

> Whether a duty exists is a question of law to be determined by the court. Put broadly, duty is determined by asking whether defendant and plaintiff stood in such a relationship to one another that the law imposed upon defendant an obligation of reasonable conduct for the benefit of plaintiff. As a matter of practical application, however, the concept of duty in negligence cases is very involved, complex and indeed nebulous. The four factors courts typically consider in determining whether a duty exists are: (1) the reasonable foreseeability of injury; (2) the likelihood of injury; (3) the magnitude of the burden of guarding against injury; and (4) the consequences of placing that burden on the defendant.

*Dunn v. Menard, Inc.* 880 F.3d 899, 906 (7th Cir. 2018).

Illinois law does not require businesses to "foresee and protect against injuries" from all potentially hazardous "open and obvious" conditions on their premises. *Dunn*, 880 F.3d at 906 (citing *Bucheleres v. Chi. Park Dist.*, 171 Ill.2d 435, 447-48 (Ill. 1996)). Where an "open and obvious" condition exists, individuals must take reasonable care "to avoid any danger inherent in [the] condition." *Id.* (quoting *Bucheleres*, 171 Ill.2d at 448). "Obvious" means that "both the condition and the risk are apparent to and would be recognized by a reasonable man, in the position of the visitor, exercising ordinary perception, intelligence, and judgment." *Bruns v. City of Centralia*, 2014 IL 116998, ¶ 16 (quoting Restatement (Second) of Torts § 343A, at 218 (1965)). Deciding "whether [a] condition is open and obvious depends not on [a] plaintiff's subjective knowledge but rather, on the objective knowledge of a reasonable person confronted with the same condition." *Dunn*, 880 F.3d at 907 (quoting *Racky v. Belfor USA Grp., Inc.*, 2017 IL App (1st) 153446, 467 (Ill. App. Ct. 2017)). Typically, "[w]hether a dangerous condition is open and obvious" is a question of fact, but when "no dispute exists as to the physical nature of the condition," it becomes a question of law. *Dunn*, 880 F.3d at 906 (quoting *Bruns*, 21 N.E.3d at 690).

### 1. The cord Plaintiff stumbled on was an open and obvious condition.

The cord was an "open and obvious" condition. Plaintiff has not asserted the cord was hard to see. Indeed, photos of the cord Plaintiff stumbled on depict a black cord contrasted against a white floor. Plaintiff has alleged no facts suggesting that anything prevented him from seeing the cord had he looked down. Although Plaintiff testified that he did not notice the cord, it

doesn't matter whether he saw it or not. In this context, "obvious" is objectively determined. "Thus, the determination of whether the condition is open and obvious depends not on plaintiff's subjective knowledge but, rather, on the objective knowledge of a reasonable person confronted with the same condition." *Racky v. Belfor USA Grp., Inc.*, 2017 Ill.App. 153446, 415 Ill.Dec. 856, 883, 83 N.E.3d 440, 467 (1st Dist. 2017). *See also Dunn*, 880 F.3d at 908 ("... the operative focus is not on *plaintiff* himself, but on a *reasonable person* with plaintiff's knowledge of the situation, and whether such an individual, after exercising ordinary perception, intelligence, and judgment, would have appreciated and avoided the hazard.").

Even drawing reasonable inferences—as opposed to every conceivable inference, *Spitz*, 759 F.3d at 730—in Plaintiff's favor, it has to be said as a matter of law that the tripping hazard of the cord was open and obvious. It appears that the danger of a black cord on a white tile floor would be open and obvious within the parameters set by *Pageloff v. Gaumer*, 365 Ill.App.3d 481 (3d Dist. 2006) (a walnut plainly visible on the ground).



S*ee also Bruns*, 21 N.E.3d at 690 (nature of sidewalk crack plaintiff tripped on was well-documented and undisputed, and so "open and obvious as a matter of law"); *Dunn* at 908 (a

"leaning stack of insulation" at a retail warehouse "constituted an open and obvious condition" that a reasonable person would avoid standing under); *see also, e.g., Reid v. Kohl's Dept. Stores, Inc*., 2007 WL 2778639, at *3 (N.D. Ill. Sept. 19, 2007), *aff'd on other grounds*, 545 F.3d 479 (7th Cir. 2008) (spilt pink milkshake on white tile floor "open and obvious," even when unclear plaintiff actually saw it before slipping, because "she could have easily seen it" as nothing distracted her or blocked view). Plaintiff simply has no chance to avoid the only reasonable conclusion that the black cord on a white tile floor was open and obvious.

### 2. Imposing a burden on Defendant to constantly monitor every aisle in the store would be unreasonable.

From a commonsense standpoint, it seems that should be the end of it, but it's not, because the existence of an open and obvious danger is not an automatic or *per se* bar to the finding of a legal duty on the part of a defendant. *Dunn*, 880 F.3d at 909-10 (7th Cir. 2018); *Bruns*, 386 Ill.Dec. 765, 21 N.E.3d at 690. Instead, the court still has to assess whether a duty is owed, and must still apply traditional duty analysis to the particular facts of the case. *Dunn*, 880 F.3d at 910. When the hazard is open and obvious as it was here, the first two factors—the reasonable foreseeability of injury and the likelihood of injury—in the duty analysis favor the defendant. That leaves the magnitude of the burden of guarding against injury and the consequences of placing that burden on the defendant. *Dunn*, 880 F.3d at 910 (7th Cir. 2018); *Bruns*, 386 Ill.Dec. 765, 21 N.E.3d at 690.

Here, the only thing that could have prevented Plaintiff tripping over the open and obvious cord would be a duty to *constantly* monitor the register lanes throughout the day. There's no evidence how the cord got out of place or when it got out of place. Those points are a matter of speculation which, of course, means nothing at the summary judgment stage. So, while the cord could have been pulled out of place hours before Plaintiff got there, it also could have been pulled out of place mere minutes before he got there, by an employee, or it could have been pulled out of place by a customer. And so, the only way to protect Plaintiff from tripping over the open and

obvious hazard in this case would be constant or nearly constant monitoring of every aisle in the entire store. That's clearly too much. *See, e.g., Dunn*, 880 F.3d at 910 (even "less onerous safeguards than continuous surveillance, … would not be justified given the open and obvious nature of the risk involved."); *Thompson v. Wal-Mart Stores E., L.P.*, 2006 WL 3755301, at *3 (S.D. Ind. 2006) (citing *Rising-Moore v. Red Roof Inns, Inc.*, 435 F.3d 813, 817 (7th Cir. 2006). And so, as Plaintiff cannot establish that Defendant owed him a duty to protect him against tripping over the open and obvious cord in this case, summary judgment must be granted in Defendant's favor.

### B. Plaintiff cannot show that Defendant proximately caused Plaintiff's injury.

And so, as Plaintiff cannot establish that Defendant owed him a duty to protect him against tripping over the open and obvious cord in this case, summary judgment must be granted in Defendant's favor. But it is worth pointing out that, for many of the reasons already discussed, neither can Plaintiff succeed on the element of proximate cause. There are two requirements a plaintiff must meet to establish proximate cause. The defendant's conduct must be an actual cause of the plaintiff's injury, and it must be a legal cause as well. *Simmons v. Garces*, 198 Ill. 2d 541, 558 (2002); *In re: Emerald Casino, Inc.*, 867 F.3d 743, 755 (7th Cir. 2017). Actual cause, or cause-in-fact, can be established only where "there is a reasonable certainty that a defendant's acts caused the injury or damage." *Id.* A defendant's acts are a *legal* cause only if they are "so closely tied to the plaintiff's injury that he should be held legally responsible for it." *Id.*

There is no evidence—only speculation or conjecture—that a Menards employee was responsible for moving the cord, let alone anything showing it is reasonably certain a Menards employee was responsible. "Significantly, speculation or conjecture regarding the cause of an injury is not sufficient in Illinois to impose liability for negligence." *Piotrowski*, 842 F.3d at 1038. And it is important to recall that "[s]peculation does not defeat summary judgment." *Austin v. Walgreen Co.*, 885 F.3d 1085, 1089 (7th Cir. 2018). "Speculation" and "conjecture" will not do as a substitute for evidence. "Speculative assertions... are insufficient to establish a genuine dispute

about a material fact." *Hamer v. Neighborhood Housing Svcs. of Chicago*, 897 F.3d 835, 841, 2018 WL 3615845, *5 (7th Cir. 2018). Indeed, anyone—customer or employee—could have moved the cord.

### C. Plaintiff cannot show Defendant had actual or constructive notice of the cord.

Absent the landowner's actual or constructive knowledge of dangerous or defective conditions on the premises, there is no premises liability. *Hanna v. Creative Designers, Inc.*, 2016 IL App (1st) 143727, ¶ 15; *Tomczak v. Planetsphere, Inc.*, 315 Ill.App.3d 1033, 1038 (1st Dist. 2000). Plaintiff has failed on both accounts.

*First*, there is no evidence that any of Defendant's employees were aware of the cord that caused Plaintiff's injury and failed to do something about it.

*Second*, Plaintiff cannot establish constructive notice. Constructive notice can be established by either presenting evidence that: (1) the dangerous condition existed for a sufficient amount of time so that it would have been discovered by the exercise of ordinary care; or (2) the dangerous condition was part of a pattern of conduct or a recurring incident. *Zuppardi v. Wal–Mart Stores, Inc.*, 770 F.3d 644, 649 (7th Cir. 2014). Plaintiff has not presented any evidence on these points. There is no evidence how long the cord was out. There is certainly no evidence that loose cords were part of a pattern of conduct. In fact, the evidence is to the contrary, as Defendant had no complaints about customers tripping on cords in the years prior to Plaintiff's accident. That means the plaintiff loses if one deems the case one which demands proof of actual or constructive knowledge by the defendant. *See Reid v. Kohl's Dep't Stores, Inc.*, 545 F.3d 479, 482 (7th Cir. 2008) ("Absent any evidence demonstrating the length of time that the substance was on the floor, a plaintiff cannot establish constructive notice."); *Beaumont v. J.P. Morgan Chase Bank, N.A.*, 782 F.Supp.2d 656, 663 (N.D. Ill. Apr. 5, 2011). As such, Plaintiff cannot establish constructive notice on a "sufficient amount of time" theory. Accordingly, the grant of summary judgment to Defendant is appropriate because Plaintiff cannot establish either actual or constructive notice.

## II.     Plaintiff's spoilation claim wholly lacks merit.

Acknowledging the shortcomings in the evidence he has to support his claim against Defendant, Plaintiff alleges that Defendant is liable for negligent spoilation because it failed to preserve *more* video footage of the section of the store where the accident occurred.   Under Illinois law, negligent spoilation is not an independent tort, but a type of negligence.  *Borsellino v. Goldman Sachs Group, Inc.*, 477 F.3d 502, 509-10 (7th Cir. 2007). To prevail on a negligent spoilation claim, the plaintiff must therefore plead and prove the elements required of negligence: duty, breach, causation, and damages. *Daleus v. Target Corp.*, 2012 WL 3835836, at *4 (N.D. Ill. Sept. 4, 2012).

### A.     Defendant had no agreement or other relationship with Plaintiff that required it to preserve video from earlier prior to Plaintiff's fall.

Whether the defendant owes a duty to the plaintiff to preserve evidence is a two-pronged analysis. First, in what is known as the "relationship prong," a duty to preserve evidence arises "through an agreement, a contract, a statute, a 'special circumstance,' or by affirmative conduct." *Id*. at *4; *Smith v. Shipping Utilities, Inc.*, 2005 WL 3133494, at *2 (S.D. Ill. Nov. 23, 2005). Second, in the "foreseeability prong," whether that duty applies to the evidence in question depends on if a reasonable person in the defendant's position should have foreseen that the evidence was material to a possible civil action. *Smith*, 2005 WL 3133494, at *2. If a plaintiff does not establish both the relationship and foreseeability elements, then the defendant has no duty to preserve the evidence at issue. *Shelvy v. Wal-Mart Stores, Inc.*, 2013 WL 251427, at *2 (N.D. Ill. Jan. 23, 2013).

Plaintiff did not have an agreement or contract with Defendant that would have given rise to a duty on Defendant's part to preserve video footage. Yet, Illinois courts have recognized that a "very specific and limited demand" notifying the defendant "not to alter, repair, destroy, or modify" particular evidence qualifies as a "special circumstance." *Id*. at *4 (quoting *Olivarius v. Tharaldson Property Mgmt, Inc.*, 695 F. Supp. 2d 824, 830 (N.D. Ill. Mar. 10, 2010)). Here,

Attorney Clifford W. Horwitz's September 16, 2021 letter requesting that Defendant locate and preserve "any and all video, photos, surveillance, accident reports, statements, tape recordings, and/or vehicles, products, devices, or any other items which were allegedly involved in this accident" was specific enough to place Defendant on notice not to destroy or alter the requested footage. (DSOF ¶ 41). The problem for Plaintiff, however, is that Mr. Horwitz asked Defendant to preserve video of "the accident," not video from earlier prior to Plaintiff's stumble. A request to preserve specific evidence does not give rise to a duty to preserve evidence beyond the scope of that request. *See Hart v. Amazon.com, Inc.*, 2015 WL 8489973, at *6 (N.D. Ill. Dec. 8, 2015) ("[A] potential defendant ... has no duty to preserve evidence if the plaintiff does not specifically ask the defendant to preserve the evidence before it is destroyed in the ordinary course of business."); *Olivarius*, 695 F. Supp. 2d at 830 (finding no duty to preserve evidence where plaintiff sent defendant four letters regarding incident but did not specifically request preservation of particular records). Mr. Horwitz's demand constitutes a "special circumstance" that satisfies the relationship prong, but only to the extent that he defined that relationship. And so, Defendant had no agreement or other relationship with Plaintiff that required it to preserve additional video from earlier prior to Plaintiff's fall. Moreover, Mr. Horwitz's letter was dated 143 days after Plaintiff's accident. According to Ms. Figueroa, video is saved up to 60 days. (DSOP ¶ 30). By September 16, 2021, any additional video sought would have been destroyed in the ordinary course of business. With no duty owed by Defendant, there can be no breach.

**B.    Plaintiff cannot make the requisite showing that he had a reasonable probability of winning his case but for Defendant's alleged spoliation.**

Assuming, for the sake of argument, that additional video should have been preserved, Plaintiff cannot make the requisite showing that he had a reasonable probability of winning his case but for Defendant's alleged spoliation. *See Boyd v. Travelers Ins. Co.*, 166 Ill. 2d 188, 196, n.2 (1995) ("A plaintiff must demonstrate ... that but for the defendant's destruction of the evidence, the plaintiff had a reasonable probability of succeeding in the underlying suit."). So to

12

prevail on his spoilation claim, Plaintiff must make two showings.  First, he must show that the loss of the additional video would cause him to lose his underlying suit.  *Id*.  And second, he must show that if he had the additional video, he would have a "reasonable probability" of winning.  Id.

In Illinois, "there is no evidentiary presumption that negligently lost evidence is favorable to the plaintiff."  *Schaefer v. Universal Scaffolding & Equipment, LLC*, 839 F.3d 599, 611 (7th Cir. 2016).  Instead, the burden is on the plaintiff to establish whether it is "more likely than not" it will succeed on the merits of its underlying claims.  *Id*.  But "if a defendant shows that the plaintiff could not win the underlying suit even with the lost evidence, then the spoilation claim necessarily fails." *Id*. Here, Plaintiff has no evidence that would permit a reasonable jury to find that additional video from earlier prior to Plaintiff's fall would be relevant to potential litigation (or, for that matter, that there is any reason to believe that it would have shown anything).  Instead, Plaintiff is left only with mere speculation, conjecture, and sour grapes.  Nevertheless, as argued throughout this brief, Plaintiff cannot "win the underlying suit," therefore, its "spoilation claim necessarily fails" and the grant of summary judgment to Defendant is appropriate.

## CONCLUSION

WHEREFORE, Defendant, MENARD, INC. respectfully requests that this Court grant its Motion for Summary Judgment and for such additional relief as the Court deems just and proper.

DATED: September 3, 2024

Respectfully submitted,

**MENARD, INC.**

By: */s/ Joseph S. Davidson*

W. Anthony Andrews
Joseph S. Davidson
Ottosen DiNolfo Hasenbalg & Castaldo, Ltd.
1804 N. Naper Blvd.
Suite 350
Naperville, IL 60563
(630) 682-0085
wandrews@ottosenlaw.com
jdavidson@ottosenlaw.com