**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

ALPHARD HOLLAND,

Plaintiff,

v.

MENARD, INC.,

Defendant.

Case No. 1:23-cv-02837

Judge Mary M. Rowland

**MEMORANDUM OPINION AND ORDER**

Plaintiff Alphard Holland has sued Defendant Menard, Inc. following an incident at a Menard store in Dolton, Illinois. Holland alleges that while approaching a checkout aisle at the store, his left foot got caught in the exposed electric cord of an ice cream freezer, causing him to trip. Holland has brought three claims against Menard: negligence (Count I), premises liability (Count II), and spoliation of evidence (Count III). Before the Court now is Menard's motion for summary judgment [66] on all three counts. For the reasons stated below, Menard's motion for summary judgment is granted.

**SUMMARY JUDGMENT STANDARD**

Summary judgment is proper where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A genuine dispute as to any material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty*

*Lobby, Inc.*, 477 U.S. 242, 248 (1986). The substantive law controls which facts are material. *Id.* After a "properly supported motion for summary judgment is made, the adverse party 'must set forth specific facts showing that there is a genuine issue for trial.'" *Id.* at 250 (quoting Fed. R. Civ. P. 56(e)).

The Court "consider[s] all of the evidence in the record in the light most favorable to the non-moving party, and [ ] draw[s] all reasonable inferences from that evidence in favor of the party opposing summary judgment." *Logan v. City of Chicago*, 4 F.4th 529, 536 (7th Cir. 2021) (quotation omitted). The Court "must refrain from making credibility determinations or weighing evidence." *Viamedia, Inc. v. Comcast Corp.*, 951 F.3d 429, 467 (7th Cir. 2020) (citing *Anderson*, 477 U.S. at 255). In ruling on summary judgment, the Court gives the non-moving party "the benefit of reasonable inferences from the evidence, but not speculative inferences in [its] favor." *White v. City of Chicago*, 829 F.3d 837, 841 (7th Cir. 2016) (internal citations omitted). "The controlling question is whether a reasonable trier of fact could find in favor of the non-moving party on the evidence submitted in support of and opposition to the motion for summary judgment." *Id.*

## BACKGROUND[1]

On April 4, 2021, Holland visited a Menard store located in Dolton, Illinois with his wife. [73] ¶¶ 9-10. When Holland finished shopping, he went to the front of the store to look for his wife, who was already checking out. [73] ¶ 11-12. Holland saw his wife at the end of a checkout aisle and turned to walk down that aisle. *See* [73] ¶¶ 11-

---

[1] Unless otherwise noted, all facts are taken from the parties' Rule 56.1 statements and are undisputed.

13. A few seconds later, his left foot got caught in the exposed electric cord of an ice cream freezer in the checkout aisle. [73] ¶ 13. The floor was white or off-white and the cord was black. [73] ¶¶ 14-15, 18. A video of the incident shows that Holland did not have a shopping cart and was not otherwise carrying any large objects. *See* [70]. The picture below depicts the cord just before Holland began walking down the checkout aisle:



[70] at 1:01.

Five months after the trip, counsel for Holland sent Menard's third-party claim administrator a letter requesting that Menards locate and preserve "any and all videos, photos, surveillance, accident reports, statements, tape recordings … or any other items which were allegedly involved in this accident." [73] ¶ 49. Menard preserved a video of Holland tripping on the cord, but the video begins only about one minute before Holland trips on the cord.

## ANALYSIS

### I.      Negligence

To prevail on a negligence claim, a plaintiff must establish "(1) a duty owed to the plaintiff by the defendant; (2) a breach of that duty; and (3) an injury proximately caused by the breach." *Wilfong v. L.J. Dodd Const.*, 930 N.E.2d 511, 519 (Ill. App. Ct. 2010).[2] Menard argues that it did not owe a duty of care to Holland to prevent him from tripping on the cord. The Court agrees.

Generally, a business owner owes his invitees a duty to exercise reasonable care to "maintain his premises in a reasonably safe condition for use by the invitees.*" Ward v. K Mart Corp.*, 554 N.E.2d 223, 227 (Ill. 1990). To determine whether a duty of care exists, the Court considers "(1) the reasonable foreseeability of the injury, (2) the likelihood of the injury, (3) the magnitude of the burden of guarding against the injury, and (4) the consequences of placing that burden on the defendant." *Bruns v. City of Centralia*, 21 N.E.3d 684, 689 (Ill. 2014) (citations omitted). Whether a duty exists is a question of law. *Id.*

However, businesses "are not ordinarily required to foresee and protect against injuries from potentially dangerous conditions that are open and obvious." *Geleta v. Meijer, Inc.,* No. 11 CV 6567, 2013 WL 6797111, at *5 (N.D. Ill. Dec. 23, 2013) (citing *Buchaklian v. Lake County Family YMCA*, 732 N.E.2d 596, 600 (Ill. App. Ct. 2000)). "For a condition to be open and obvious, an invitee must reasonably be expected to discover it and protect himself against it." *Id*. The obviousness of a condition is "determined by the objective knowledge of a reasonable person, not the plaintiff's subjective knowledge." *Buchaklian*, 732 N.E.2d at 602. Whether a condition is open

---

[2] The parties agree that Illinois law governs this diversity case.

4

and obvious is a question of law when "no dispute exists as to the physical nature of the condition." *Bruns*, 21 N.E.3d at 690. "The existence of an open and obvious danger is not an automatic or *per se* bar to the finding of a legal duty on the part of a defendant." *Id.* (citations omitted). Rather, it makes the first two factors of the duty analysis — foreseeability and likelihood of the injury — "slight," and "weigh[s] against the imposition of a duty." *Id.* (citations omitted).

Here, there is no dispute about the condition that allegedly caused Holland's injury — it was a black cord lying on a white or off-white floor. Other courts have determined that similar conditions are open and obvious. *See, e.g., Reid v. Kohl's Dept. Stores, Inc.*, No. 06-cv-472, 2007 WL 2778639, at *3 (N.D. Ill. Sept. 19, 2007), *aff'd on other grounds,* 545 F.3d 479 (7th Cir. 2008) (pink milkshake spilt on white tile floor was open and obvious); *Hillsamer v. Walmart, Inc.*, No. 20 C 6753, 2022 WL 4079451, at *3 (N.D. Ill. Sept. 6, 2022) (light-colored substance spilled on dark-colored floor was open and obvious); *Southerland v. Wal-Mart Stores, Inc.*, 848 P.2d 68, 69-70 (Okla. Ct. App. 1993) (orange cord on a white tile floor was open and obvious). Further, courts have found that even very small conditions are open and obvious when they contrast in color with the floor. *See, e.g., Davis v. Wal-Mart Stores, Inc.*, 70 F.3d 123 (10th Cir. 1995) (no liability where plaintiff turned a corner and slipped on open and obvious substance despite that the substance was only four and half inches in diameter and two and have inches in height). As in the above cases, the contrasting color and size of the cord makes the condition open and obvious. A

reasonable person would be expected to see the cord and take steps to protect themselves from being harmed by it.

Under Illinois law, the effect of an open and obvious condition is mitigated if the distraction exception applies. The distraction exception applies "where the possessor [of land] has reason to expect that the invitee's attention may be distracted, so that he will not discover what is obvious, or will forget what he has discovered, or fail to protect himself against it." *Bruns*, 21 N.E.3d at 691 (cleaned up). But the distraction exception does not apply when the distraction is "self-made." *Id*. at 693. If a court finds that the distraction exception applies to an otherwise open and obvious condition, "the outcome of the duty analysis with respect to the first two factors is 'reversed,'" and the foreseeability and likelihood of the injury weigh in favor of finding a duty. *Id*. at 691 (citing *Belluomini v. Stratford Green Condominium Ass'n*, 805 N.E.2d 701, 705 (Ill. App. Ct. 2004)).

Holland argues the distraction exception applies because at the time he tripped on the cord, he was looking for his wife and wanting to check out the items he had picked up to purchase. In Holland's view, because Menard chose the layout of its checkout aisles and Menard expected its customers to use those aisles, the "distraction created by the check-out lane is ultimately attributable to Menard." [74] at 6.

In *Bruns*, the Illinois Supreme Court rejected a similar argument. There, the plaintiff sued the city of Centralia after she tripped on a defective sidewalk on her way to a clinic. *Bruns*, 21 N.E.3d at 687. The plaintiff did not contest that the

defective sidewalk was an open and obvious condition, but she argued that the distraction exception should apply because at the time she fell, she was looking at the door of the clinic that she was headed towards. *Id.* The Illinois Supreme Court conducted a thorough review of its own caselaw and rejected the plaintiff's argument, holding that "the mere fact of looking elsewhere does not constitute a distraction." *Id.* at 692. Rather, there must be "some circumstance . . . that require[s] the plaintiff to divert his or her attention from the open and obvious danger, or otherwise prevent[s] him or her from avoiding this risk." *Id.* at 693; *see also Deibert v. Bauer Bros. Const. Co.,* 566 N.E.2d 239, 244 (Ill. 1990) (distraction exception applied where plaintiff tripped on a deep tire rut at a construction site while he was looking up to avoid construction material thrown off a nearby balcony); *Am. Nat. Bank & Tr. Co. of Chicago v. Nat'l Advert. Co.,* 594 N.E.2d 313, 320 (Ill. 1992) (distraction exception applied where billboard painter came into contact with a high-voltage power line because he had to look downwards to balance on a narrow walk-rail); *Ward v. K Mart Corp.,* 554 N.E.2d 223, 233 (Ill. 1990) (applying the distraction exception when a customer at a store walked into a concrete post he could not see because he was carrying large merchandise that obscured his vision); *see also* Restatement (Second) of Torts § 343A cmt. e, illus. 1, at 220 (1965) (liability should not attach when plaintiff is injured by an encounter with open and obvious plate glass door where the customer was "preoccupied with his own thoughts").

Here, there was no circumstance that *required* Holland to divert his attention away. Rather, as in *Bruns*, Holland was walking down a path that the defendant

7

expected him to use, and while he was looking for his wife, he tripped on an open and obvious obstruction. And as in *Bruns*, Menard is not responsible for a distraction of the plaintiff's own making. The distraction exception thus does not apply.

The Court next addresses the last two duty factors: the magnitude of the burden of guarding against the injury and the consequences of placing that burden on the defendant. Generally, stores do not have a duty to continuously monitor aisles for obstructions, as "the cost would be disproportionate to the benefit." *Peterson v. Wal-Mart Stores, Inc.*, 241 F.3d 603, 605 (7th Cir. 2001). Holland argues that Menard need not continuously monitor every aisle to prevent injuries like his, and that the store's employees could have simply tied up the cord. Holland may be right, and the burden of tying up cords in a checkout aisle may be relatively slight. But that slight burden does not outweigh the effect of the open and obvious nature of the hazard. *See Grosch v. Anderson,* 2018 WL 4362751, at *6 (Ill. App. Ct. Sept. 12, 2018) (defendant did not owe plaintiff a duty where condition was open and obvious even when final two factors favored plaintiff); *Bujnowski v. Birchland, Inc.*, 37 N.E.3d 385, 397 (Ill. App. Ct. 2015) (noting that "no published case" has ever held that a defendant owed a plaintiff a duty where the condition as open and obvious and no exception applied).

Having considered all four factors, the Court holds that Menard did not have a duty to Holland. Because duty is an essential element of a negligence claim, Menard is entitled to summary judgment on Count I.

## II.    Premises Liability

In Count II, Holland seeks relief under a theory of premises liability. Under Illinois law, "a claim for premises liability requires proof of the three elements of ordinary negligence, plus proof that (1) there was a condition on the property that presented an unreasonable risk of harm, (2) the defendant knew or reasonably should have known of the condition and the risk, and (3) the defendant could reasonably have expected people on the property would not realize, would not discover, or would fail to protect themselves from the danger." *Martin v. City of Chicago*, 229 N.E.3d 986, 991 (Ill. App. Ct. 2023) (citing *Hope v. Hope*, 924 N.E.2d 581 (Ill. 2010). Because Holland cannot succeed on his premises liability claim without establishing that Menard owed him a duty, Menard is also entitled to summary judgment on Count II.

### III.  Spoliation of Evidence

In Count III, Holland seeks relief for Menard's alleged spoliation of evidence. "Under Illinois law, spoliation of evidence is a form of negligence; proof of spoliation requires a showing that the defendant owed the plaintiff a duty to preserve evidence, breached that duty, *and thereby proximately caused the plaintiff to be unable to prove the underlying cause of action.*" *Brian J. Wanca, J.D., P.C. v. Oppenheim*, 226 N.E.3d 732, 745 (Ill. App. Ct. 2023) (emphasis added). "A plaintiff must allege that 'a reasonable person in the defendant's position should have known the evidence would be material to potential civil litigation.'" *Id.* (quoting *Jones v. O'Brien Tire & Battery Service Center, Inc.*, 871 N.E.2d 98 (Ill. App. Ct. 2007)). "The plaintiff must also prove that but for the destruction of these records, she would have had a reasonable probability of succeeding in her case." *Id.* (internal quotation omitted).

Holland's spoliation claim is premised on Menard's failure to preserve security camera footage from more than a minute before Holland tripped on the cord. Holland argues that Menard had a duty to preserve additional footage that might show how the cord came to be in the aisle, which could be relevant to proving causation. Holland may well be correct, but because the Court has found that Menard is entitled to summary judgment on Holland's negligence and premises liability claims, the point is moot. Holland does not argue that the destroyed video evidence could or should affect the Court's duty analysis, so Holland cannot establish that but for its destruction, he "would have a reasonable probability of succeeding in [his] case." *Oppenheim*, 226 N.E.3d at 745; *see also Natale v. Gottlieb Mem'l Hosp.*, 733 N.E.2d 380, 385 (Ill. App. Ct. 2000) (awarding summary judgment to defendant on plaintiff's negligent spoliation claim where plaintiff could not prove elements of the underlying claim). Holland was not harmed by any spoliation of evidence because Holland would not succeed in his case even if the evidence wasn't spoliated. Menard is thus entitled to summary judgment on Count III.

## CONCLUSION

For the stated reasons, Defendant's motion for summary judgment [66] is granted. The Clerk is directed to enter judgment in Defendant's favor and against Plaintiff and terminate the case. All pending deadlines are stricken.

E N T E R:

Dated: May 15, 2025

MARY M. ROWLAND
United States District Judge

11